IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:20-CR-00067-JDK-JDL |
| vs. | § § | |
| | § | |
| | § | |
| TROY DEE SLANKARD (3) | § | |
| | § | |

REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE

On May 11, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision.  The Government was represented by Assistant United States Attorney Ryan Locker.  Defendant was represented by Assistant Federal Defender David Barlow.

*Background*

After pleading guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class B felony, Defendant Troy Dee Slankard was sentenced on November 8, 2021, by United States District Judge Jeremy D. Kernodle.  The offense carried a statutory maximum imprisonment term of 40 years and a statutory minimum imprisonment term of 5 years.  The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of VI, was 92 to 115 months.  The Court granted a downward departure and sentenced Defendant to imprisonment for a term of 60 months, followed by a 5-year term of supervised release subject to the mandatory and standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and a $100 special assessment.  On May 24, 2024, Defendant completed his term of imprisonment and started service of his term of supervised release.

1

***Allegations***

In the First Amended Petition seeking to revoke Defendant's supervised release, filed on April 14, 2026, United States Probation Officer Roshonda Guest alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant was arrested on December 23, 2025 in Dallas County, Texas, and charged with the following offenses: Possession of Drug Paraphernalia, Manufacture Delivery of a Controlled Substance Penalty Group 1 (Enhanced) – Docket No.: F2561839; Possession of Controlled Substance Penalty Group 2 – Docket No.: F2561840; and Possession of Drug Paraphernalia. It is also alleged that an Order of Deferred Adjudication was entered on March 24, 2026 in Dallas County under Docket No. F25-61839 upon Defendant's plea of guilty to the lesser included offense of Possession of Controlled Substance – Methamphetamine, a 2nd degree felony. Defendant was sentenced to deferred probation for 3 years. The offense report states that a Dallas Police Department officer conducted a traffic stop on Defendant after his vehicle was observed facing the wrong way in traffic. A name search revealed an active U.S. Marshal warrant. Officers searched his person and located a vial in his left pocket that was believed to be PCP and $259 cash. A search of his vehicle revealed two small, clear baggies of methamphetamine under the driver's seat and a small scale in the driver door panel. Defendant was carrying more than a personal amount of methamphetamine.

2. **Allegation 2 (mandatory condition): The defendant must not unlawfully possess a controlled substance.** It is alleged that Defendant was in possession of methamphetamine as evidenced by the arrest noted above.

3. **Allegation 3 (standard condition 5): The defendant must live at a place approved by the probation officer. If the defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change.** It is alleged that the probation officer traveled to Defendant's last known address of 881 S. Stemmons Fwy Room 129, Lewisville, Texas, on November 21, 2025 to conduct a home visit. Hotel staff informed the probation officer that Defendant had not lived at that residence for at least one week. Defendant failed to report his change of address.

4. **Allegation 4 (standard condition 2): After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when he must report to the probation officer, and he must**

**report to the probation officer as instructed.** It is alleged that Defendant was instructed by the probation officer on September 26, 2025 to call the probation officer every Monday. Defendant has not contacted the officer since Monday, September 29, 2025.

5. **Allegation 5 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance.** It is alleged that Defendant submitted a urine specimen on May 7, 2025 at the United States Probation Office in Plano, Texas that tested positive for methamphetamine and amphetamine. The specimen was confirmed positive by the national lab. Additionally, the lab determined the specimen was diluted. It is also alleged that Defendant submitted a urine specimen on April 30, 2025 at the United States Probation Office in Plano, Texas that tested positive for cocaine. The specimen was confirmed positive by the national lab. Alere determined that the specimen was diluted.

6. **Allegation 6 (special condition): The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program. The defendant must pay any cost associated with treatment and testing.** It is alleged that Defendant missed his scheduled individual substance abuse counseling appointments at Fletcher Counseling in Plano, Texas on August 18, 2024, September 26, 2024, October 18, 2024, and March 11, 2025. It is also alleged that Defendant failed to report to the probation office to submit a urine specimen on July 17, 2025, July 1, 2025, April 14, 2025, and October 4, 2024.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum imprisonment sentence that may be imposed is 3 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of possession of methamphetamine, penalty group 1 >=4g<200g, a second degree felony, or possession of methamphetamine, amphetamine, and cocaine, as alleged in the petition, Defendant is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 21 to 27 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by submitting urine specimens that tested positive for methamphetamine, amphetamine, and cocaine, failing to participate in substance abuse testing and treatment, failing to submit urine specimens as directed and failing to notify his change in residence, as alleged in the petition, Defendant is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 8 to 14 months.

### *Hearing*

On May 11, 2026, Defendant appeared for a final revocation hearing. Assistant United States Attorney Ryan Locker announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition, and to jointly request a sentence of imprisonment for a term of 21 months with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 21 months with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the First Amended Petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 21 months with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment

for a term of 21 months with no further term of supervised release.

So ORDERED and SIGNED this 11th day of May, 2026.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE